Criminal Case Template




COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



DION JUAN DENNIS,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-02-00044-CR


Appeal from the


Criminal District Court No. 2


of Dallas County, Texas


(TC# F-0001092-TI)


MEMORANDUM OPINION


 Dion Juan Dennis has filed a motion requesting this Court to abate this appeal and
remand the cause to the trial court to determine whether parts of the clerk's record and
reporter's record have been lost or destroyed.

Procedural Background and Grounds for the Motion

 Dennis's counsel notes that although the trial court conducted a hearing on pretrial
motions on September 22, 2000, the reporter's record does not include a transcription of
this hearing. Dennis's request for the record includes a request for a transcription of
testimony taken at pretrial hearings. Counsel states that he "has attempted without
success to reach the reporter who transcribed these proceedings." He asserts that the
appeal cannot be adequately briefed without the record of the pretrial hearing.

 Counsel also notes that although the trial judge stated that the completed juror
questionnaires would be made a part of the record, they are not included in the record that
has been filed in this Court. (1) The request for preparation of the record does not include a
request for the jury questionnaires, but it does include a request for all exhibits introduced
at any hearing. Counsel states that he "has been unable to locate" the questionnaires. He
suggests that the juror questionnaires are necessary to the appeal because the use of
peremptory challenges and challenges for cause may be an issue on appeal.

Relevant Rules

 The Texas Rules of Appellate Procedure set forth a procedure to follow when a
relevant item is missing from the record. "[T]he trial court, the appellate court, or any
party may by letter" direct the trial court clerk or the court reporter to file a supplemental
record containing the omitted items. Tex. R. App. P. 34.5(c)(1), 34.6(d). Dennis's
counsel asserts that he has been unable to contact the court reporter and that he has been
unable to find the juror questionnaires, but he does not state that he has made a written
request to the trial court clerk or court reporter to file a supplemental record. 
Accordingly, the motion to abate and remand is premature. We will, however, exercise
our authority under Rules 34.5(c)(1) and 34.6(d) to order the trial court clerk and court
reporter to supplement the records or explain why the records cannot be supplemented.

Disposition

 For the reasons stated herein, it is ordered that:

 (1) the Clerk of Criminal District Court Number 2 of Dallas County shall file in
this Court within thirty days either a supplemental clerk's record containing
the completed juror questionnaires in this cause or an explanation why such
a supplemental record cannot be filed;


 (2) Ms. Kathy Myres, former Official Court Reporter of Criminal District Court
Number 2 of Dallas County, shall file in this Court within thirty days either
a supplemental reporter's record containing the completed jury
questionnaires and a transcription of the hearing conducted in this cause on
September 22, 2000, or an explanation why such a supplemental record
cannot be filed; and


 (3) Appellant's Motion to Abate Appeal and for Remand for Hearing on Lost
or Destroyed Record is held in abeyance pending our receipt of the
supplemental records or responses from the trial court clerk and court
reporter.



 

 SUSAN LARSEN, Justice

June 19, 2003


Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)

1. It is not clear whether the judge intended to make the questionnaires an exhibit to the
reporter's record or part of the clerk's record. The prosecutor asked that they "be made part of
the record for purposes of this hearing [regarding the use of peremptory strikes]." The judge
granted the request and stated that he would "admit" them and that he would "submit the original
copies to the Court."